SHERRYL BENBOW                                    NO. 24-C-426

VERSUS                                            FIFTH CIRCUIT

CRESCENT FOUNDATIONS, LLC, A PLUS                 COURT OF APPEAL
CONSTRUCTION, LLC, ABC INSURANCE
COMPANY, AND XYZ INSURANCE                        STATE OF LOUISIANA
COMPANY

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

October 18, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** CRESCENT FOUNDATIONS, LLC

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JACQUELINE F. MALONEY, DIVISION "D", NUMBER 849-422

---

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED**

Relator, Crescent Foundations, LLC, seeks this Court's supervisory review of the trial court's August 15, 2024 judgment which denied Crescent's motion for summary judgment, which sought a dismissal of A Plus Construction, LLC's cross-claim against Crescent for contractual defense and indemnification. A Plus filed an opposition thereto in this Court.

A Plus was the general contractor hired by the homeowners at 430 Helios Avenue in Metairie to build their house. A Plus hired Crescent, a subcontractor, to drive piles for the foundation. Plaintiff Sherryl Benbow filed suit against Crescent *and* A Plus alleging damage to her home at 431 Helios Avenue, allegedly caused by negligence in pile driving and construction performed by defendants at 430 Helios. A Plus filed a cross-claim against Crescent, alleging that Crescent owed A Plus contractual defense and indemnification concerning the pile driving activities.

Crescent moved for summary judgment, seeking dismissal of the cross-claim for contractual defense and indemnification, arguing among other things, that plaintiff's claims against defendants sounded in tort, as there was no contractual relationship between plaintiff and defendants. A Plus opposed the motion, arguing a history of contractual relationships between the parties, as well as an unsigned subcontract between the parties that includes an indemnity provision that A Plus argues was ratified by Crescent by their performance of the pile driving work. A Plus also argued that plaintiff confirmed in her deposition that her suit against A Plus was only derivative, as no negligence was alleged on the part of A Plus.

A hearing was conducted on the motion for summary judgment on August 14, 2024, at the conclusion of which the trial court orally denied the motion. A written judgment to this effect was signed by the court on August 15, 2024. In separate written reasons for judgment signed on August 27, 2024, while acknowledging that the purported contract between Crescent and A Plus is unsigned, the court nevertheless found that an unsigned contract can be tacitly confirmed and/or ratified through voluntary performance, and Crescent's voluntary performance of pile driving work and A Plus's accepting the benefits of Crescent's performance renders the issue of tacit confirmation or ratification of the unsigned contract a remaining genuine issue of material fact.

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to

the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.  The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law."  La. C.C.P. art. 966(D)(1).

Appellate courts review summary judgments *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate.  Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.  *Migliore v. Ambassador P'ship, LLC*, 22-599 (La. App. 5 Cir. 12/1/23), 376 So.3d 1178, 1182.

On the showing made, upon *de novo* review, we conclude that genuine issues of material fact remain in this matter and that Crescent is not entitled to judgment as a matter of law at this time, including whether performance by the parties concerning the construction project in question constitutes a tacit confirmation or ratification of the unsigned contract, which includes the indemnity clause in question, thereby precluding judgment in Crescent's favor on its motion for summary judgment at this time.  Accordingly, this writ application is denied.

Gretna, Louisiana, this 18th day of October, 2024.

**JGG**
**MEJ**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/18/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-426**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Jacqueline F. Maloney (DISTRICT JUDGE)
Danica B. Denny (Respondent)

Philip G. Watson (Relator)
Lara J. Jensen (Respondent)
Megan L. LeBlanc (Relator)

### MAILED

Denman T. Mims (Respondent)
Attorney at Law
1100 Poydras Street
Suite 3700
New Orleans, LA 70163